**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| mCom IP, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>Cisco Systems, Inc.,<br><br>       Defendant. | Case No. 6:22-cv-00261-ADA<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**CISCO SYSTEMS, INC.'S OPPOSED MOTION TO STAY**
**<u>PENDING RESOLUTION OF INTER PARTES REVIEW PROCEEDINGS</u>**

## <u>**TABLE OF CONTENTS**</u>

**Page**

I.     INTRODUCTION ..................................................................................................... 1

II.    FACTUAL AND PROCEDURAL BACKGROUND........................................... 1

    A.     Third Party Unified Patents' IPR Proceedings ....................................... 1

    B.     The mCom-Cisco Litigation ................................................................... 1

III.   LEGAL STANDARD............................................................................................. 2

IV.    ARGUMENT ......................................................................................................... 2

    A.     Granting a Stay Would Not Unduly Prejudice mCom............................. 2

    B.     Granting a Stay Will Simplify the Issues in this Case ........................... 4

    C.     The Early Stage of the Case Leans in Favor of a Stay........................... 5

V.     CONCLUSION...................................................................................................... 5

AmericasActive:16888461.8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asetek Holdings, Inc. v. Cooler Master Co.*,
   No. 13-CV-457, 2014 WL 1350813 (N.D. Cal. Apr. 3, 2014) .................................................3

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
   No. A–13–CA–800–SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015) ...............................3

*EchoStar Techs. Corp. v. TiVo, Inc.*,
   No. 5:05-CV-81, 2006 WL 2501494 (E.D. Tex. July 14, 2006) ............................................2

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
   No. 6:20-CV-00317-ADA, 2021 WL 4555610 (W.D. Tex. Oct. 5, 2021) ..............................4

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) .............................................................................................................2

*Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*,
   No. 2:13–cv–235, 2014 WL 4652117 (E.D. Tex. Sept. 17, 2014) .........................................2

*Neuro Cardiac Techs., LLC v. LivaNova, Inc.*,
   No. CV H-18-1517, 2018 WL 4901035 (S.D. Tex. Oct. 9, 2018) ..........................................3

*NFC Tech. LLC v. HTC Am., Inc.*,
   No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ......................2, 3, 5

*Procter & Gamble Co. v. Kraft Foods Glob., Inc.*,
   549 F.3d 842 (Fed. Cir. 2008) .............................................................................................2

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
   No. SACV 12-21, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ..........................................5

*Stragent LLC v. BMW of N. Am., LLC*,
   No. 6:16-CV-446, 2017 WL 3709083 (E.D. Tex. July 11, 2017) ...................................3, 4, 5

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014) ........................................................................................3, 4

**Statutes**

35 U.S.C. § 316(a)(11) .............................................................................................................1

AmericasActive:16888461.8

## I.    INTRODUCTION

Plaintiff mCom IP, LLC's ("mCom") sole asserted patent—U.S. Patent No. 8,862,508 ("the '508 patent")—is presently the subject of an instituted *inter partes* review ("IPR"). Defendant Cisco Systems, Inc. ("Cisco") seeks to stay this matter pending resolution of that IPR.

Each of the three factors in the stay analysis weigh strongly in favor of pausing these proceedings pending resolution of the already instituted IPR.  First, Plaintiff mCom will not be unduly prejudiced by a stay because it does not compete with Cisco or make any products, and can therefore be made whole by monetary damages, whether they come now or later.  Second, the IPR has the potential to simplify this case and possibly resolve the parties' dispute entirely.  And finally, this request for a stay comes at the earliest possible stage in this litigation.  Cisco has not yet responded to mCom's complaint, no schedule has been set, and the IPR final written decision will issue in 11 months, well before any trial in this matter.  A stay at this juncture will conserve both the Court's and the parties' resources.  The timing of this request thus strongly favors a stay.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    THIRD PARTY UNIFIED PATENTS' IPR PROCEEDINGS

On October 15, 2021, third-party Unified Patents, LLC filed an IPR petition challenging Claims 1, 3–7, 9–13, 15, 16, and 18–20 of the '508 patent.  Ex. 1 (IPR Petition).  On March 7, 2022, the Patent Trial and Appeal Board ("PTAB") instituted trial as to each of those challenged claims. Ex. 2 (Decision to Institute), 45.  Pursuant to 35 U.S.C. § 316(a)(11), a final written decision will be issued by March 7, 2023.

### B.    THE MCOM-CISCO LITIGATION

On March 10, 2022, after the PTAB's Decision to Institute, mCom commenced this action by filing a Complaint against Cisco (the "Complaint").  Dkt. 1, at 4-12.  In the Complaint, mCom alleges that Cisco infringes by offering a unified banking system that infringes one or more claims

of the '508 patent.  Dkt. 1, ¶ 8.  In its Complaint, mCom charted only claim 13.  Dkt. 1-1.  On

March 18, 2022, the Parties jointly moved to extend Cisco's time to respond until May 16, 2022.

Dkt. 7.  No other dates have been calendared.

## III.    LEGAL STANDARD

The ability to stay cases is an exercise of a court's inherent power to manage its own docket.

*See Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008)

(citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).  "District courts typically consider

three factors when determining whether to grant a stay pending *inter partes* review of a patent in

suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings

before the court have reached an advanced stage, including whether discovery is complete and a

trial date has been set, and (3) whether the stay will likely result in simplifying the case before the

court."  *NFC Tech. LLC v. HTC Am., Inc*., No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2

(E.D. Tex. Mar. 11, 2015) (citing *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No.

2:13–cv–235, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 17, 2014)).  Courts use these factors to

determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of

the litigation.  *Id*. (citing *EchoStar Techs. Corp. v. TiVo, Inc*., No. 5:05-CV-81, 2006 WL 2501494,

at *1 (E.D. Tex. July 14, 2006)).

## IV.    ARGUMENT

As discussed below, each of the factors of the analysis strongly supports staying this case.

### A.    GRANTING A STAY WOULD NOT UNDULY PREJUDICE MCOM

The first factor favors a stay because mCom will not suffer any undue prejudice or tactical

disadvantage from a stay.  mCom was established in December 2020.  Ex. 3 (Tex. Sec. of State –

Business Inquiry).  The '508 patent was filed in 2006 and assigned by the inventor, Thomas

Maiorino, to an entity he controlled called mCom Financial Solutions.  Ex. 4 (2006 Assignment).

In 2016, the named inventor Thomas Maiorino assigned the patent from mCom Financial Solutions to another entity he ran, mCom IP Holdings LLC. Ex. 5 (2016 Assignment). And in January 2021, mCom IP Holdings, LLC assigned the patent away to an unrelated entity, the newly formed mCom IP, LLC, which is the Plaintiff in this case. Ex. 6 (2021 Assignment). mCom IP, LLC is managed by an entity called Pueblo Nuevo, LLC, which is in turn managed by an entity called Dynamic IP Deals, LLC ("Dynamic IP"). Ex. 7 (mCom IP, LLC Cert. of Formation), 1 (governing authority); Ex. 8 (Pueblo Nuevo Cert. of Formation), 1 (governing authority). Dynamic IP is owned and operated by a patent monetization professional named Dr. Carolos Gorrichategui. Ex. 9 (Dynamic IP Deals, LLC Cert. of Formation), 1-2 (governing authority); Ex. 10 (Gorrichategui Profile). More simply put, Plaintiff is a patent monetization shell company, does not sell or offer any products, and does not compete with Cisco. As a result, monetary relief, which will still be available to mCom should it survive the pending IPR, will be sufficient to compensate mCom for any injury. *See VirtualAgility Inc. v. Salesforce.com, Inc*., 759 F.3d 1307, 1318 (Fed. Cir. 2014). And to the extent that mCom contends it is pursuing an injunction, as a non-practicing entity that does not compete with Cisco, any such claim is not sufficiently plausible to counsel against staying this case. *See Neuro Cardiac Techs., LLC v. LivaNova, Inc.*, No. CV H-18-1517, 2018 WL 4901035, at *3 (S.D. Tex. Oct. 9, 2018) (noting absence of argument that parties are direct competitors in finding no undue prejudice). And "mere delay in collecting [monetary] damages does not constitute undue prejudice." *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A–13–CA–800–SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015); *NFC Tech.*, 2015 WL 1069111, at *2; *see also Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017) (citing *Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-CV-457, 2014 WL 1350813, at *4 (N.D. Cal. Apr. 3, 2014) ("Delay alone does not usually constitute undue

3

prejudice, because the parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework")) (additional citations omitted).  Accordingly, mCom cannot claim any prejudice or disadvantage, and this factor favors staying this case.

### B.    GRANTING A STAY WILL SIMPLIFY THE ISSUES IN THIS CASE

The second factor also favors a stay because it is very likely that the PTAB will cancel all of the asserted claims, thus eliminating the case altogether.  *See Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317-ADA, 2021 WL 4555610, at *3 (W.D. Tex. Oct. 5, 2021) (stating that "the PTAB, having instituted [an] IPR, has concluded that there is a reasonable likelihood that the [] patent's claims will be invalidated.").  Further, while Cisco is not a real party in interest in the Unified Patents IPR, Cisco has agreed to be bound by the PTAB's decision with respect to the prior art on which the Petition was instituted.  Ex. 11 (Padmanabhan to Talanov).  Thus, even if the Unified Patents IPR is unsuccessful in invalidating the claims, it will result in the removal of certain prior art from this litigation.

In the context of a stay pending *inter partes* review, the Federal Circuit has noted that the institution of an IPR petition, as the PTAB has done here, "weighs heavily in favor of granting the stay." *VirtualAgility*, 759 F.3d at 1314; *see also Stragent*, 2017 WL 3709083, at *3 ("Since the decision in *VirtualAgility*, courts generally grant motions to stay when the PTAB institutes *inter partes* review.").  This is because IPRs present an opportunity to take advantage of the expertise of the U.S. Patent Office in the re-review of patents, and to simplify proceedings:

> Congress's purpose in creating an *inter partes* review procedure was to allow the administrative agency that issues patents to consider new information bearing on whether those patents should be canceled or confirmed.  Giving the agency the authority to consider the validity of patents in the *inter partes* review process was designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and

focused consideration of the effect of prior art on patents being
asserted in litigation.

*NFC Tech*., 2015 WL 1069111, at *4.  In sum, the second factor favors a stay because the PTAB
has already instituted IPR proceedings and allowing the PTAB to issue a final written decision
will either eliminate the case altogether, or at the very least reduce the scope of claims and prior
art at issue.

### C.    THE EARLY STAGE OF THE CASE LEANS IN FAVOR OF A STAY

Like the first two factors, the third factor also favors a stay.  Cisco has filed this motion at
the earliest possible juncture.  No schedule has been set, and Cisco has not even responded to the
Complaint.  The parties have yet to exchange contentions, or commence with even the most basic
discovery.  The parties have not yet filed any claim construction briefing, or any other briefing that
requires the Court's attention.  When IPRs and stay motions are presented early in the case, as they
are here, it provides an opportunity to save the parties from the expense associated with discovery
and claim construction because "the majority of the expenses that the parties will incur are still in
the future."  *Stragent*, 2017 WL 3709083, at *3; *see also Semiconductor Energy Lab. Co. v. Chimei
Innolux Corp*., No. SACV 12-21, 2012 WL 7170593, at *3-4 (C.D. Cal. Dec. 19, 2012) (holding
that early stage of litigation "heavily favors" a stay where "the case was less than four months
old," joint claim construction statements had not been filed, there remained eight months of fact
discovery, and thus case was "still at its infancy"); *NFC Tech*., 2015 WL 1069111, at *3-4 (noting
savings even by seeking stay before fact discovery closes).

### V.    CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court grant this Motion and
stay this case in its entirety pending resolution of non-party Unified Patent's IPR proceeding.

Dated:  April 18, 2022        By:    */s/ Krishan Padmanabhan*

Krishnan Padmanabhan (*Pro Hac Vice*)
kpadmanabhan@winston.com
Winston & Strawn LLP
200 Park Avenue
New York City, NY  10166
Tel: (212) 294-3564

Barry Shelton
Texas Bar No. 2C4055029
BShelton@winston.com
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6407
Facsimile: (214) 453-6400

*Attorneys for Defendant Cisco Systems, Inc.*

6

## **CERTIFICATE OF CONFERENCE**

I certify pursuant to Local Rule CV-7(g) that I contacted counsel for Plaintiff via electronic mail on April 18, 2022 and Plaintiff opposes this motion.

*/s/Krishnan Padmanabhan*
Krishnan Padmanabhan

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 18, 2022, a true and correct copy of the above and foregoing document was filed with the Court's CM/ECF system, which will provide notice of the same to all counsel of record.

/s/ K. Padmanabhan
Krishnan Padmanabhan