# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MCOM IP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>Defendant. | Case No. 6:22-cv-00261-ADA |

**CISCO SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS MCOM IP, LLC'S AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 1

    A. Plaintiff's claim for direct infringement should be dismissed ................................ 1

        1. mCom still does not identify any Cisco product ......................................... 1

        2. mCom does not overcome the divided infringement hurdle, and its allegations remain implausible. ................................................................ 2

        3. mCom fails to plausibly allege infringement for elements (a), (b), and (f) of claim 1 ....................................................................................... 3

    B. The Court dismissed mCom's indirect infringement claims ................................. 4

III. CONCLUSION .................................................................................................................... 4

**I.      INTRODUCTION**

mCom's opposition only reiterates and magnifies the deficiencies in its Amended Complaint. mCom continues to rely on screen captures from Cisco marketing documents discussing the general use of communications tools in banking and misrepresents these documents as reflecting a specific Cisco product. This alone would be a basis for dismissal. mCom's conclusory and scant opposition comes in the face of a ruling from this Court that its prior allegations were deficient, and an instruction from this Court that it needed to cure those allegations if this case was to survive dismissal. Cisco now asks the Court to dismiss with prejudice this action, as mCom's opposition reveals it is incapable of presenting any plausible case of infringement.

**II.     ARGUMENT**

**A.     PLAINTIFF'S CLAIM FOR DIRECT INFRINGEMENT SHOULD BE DISMISSED.**

**1.     mCom still does not identify any Cisco product.**

mCom states that it has identified "Cisco UFC operating on the omnichannel banking solutions" by "providing screen shots to Cisco's website[.]" Dkt. 46 at 1. Elsewhere, mCom states that its contentions reference "Cisco's Digital Banking Solutions ('Cisco's DBS') platform." *Id*. at 7. None of the cited documents or excerpts reference a product called "UFC" or "Digital Banking Solutions." Rather, those documents discuss nothing more than the general topic of communications in the financial industry. That alone is not sufficient to allege infringement, let alone infringement of the lengthy and particular claims of the '508 patent asserted by mCom here.

Moreover, the snippets that mCom cobbles together are unrelated. Some of those excerpts talk about a "hybrid workforce" that can communicate using Cisco equipment. This has nothing to do with the "unified electronic banking system" which connects to "e-banking touchpoints" (e.g., ATMs) to provide "targeted marketing content" as recited by mCom's asserted claims. Dkt. 46

at 1-2 (using claim 13 as exemplary). Other cites discuss (i) "omnichannel interaction" generally, but do not identify any Cisco product, and (ii) contain a video discussing what *a bank, and not Cisco*, *could do* through a mobile application. Dkt. 46 at 5 (Fig. 1, showing a man labeled "customer" surrounded by graphics depicting an ATM, kiosk, and mobile phone, among other communications channels); *id.* at 10 (graphic of a mobile banking application being accessed by a customer in a wheelchair). mCom's Amended Complaint relied on the same documents that the Court determined were insufficient at oral argument. The Court made clear that mCom's allegations relying on these documents were deficient and asked mCom to amend. Dkt. 44 at 16:10-11 ("I don't find what [mCom has] given to Cisco to be adequate."). Rather than heed the Court's instructions, mCom simply relies on the same documents again, hoping the second time is a charm.

        **2.**     **mCom does not overcome the divided infringement hurdle, and its allegations remain implausible.**

mCom states that its contentions plausibly allege that "customers access Cisco's accused unified electronic banking system at home, from a cell phone, or from an ATM to connect securely with one or more financial institutions." Dkt. 46 at 4. In support of this argument, mCom cites a document labeled "Hybrid workforce," which discusses how "financial services *employees [can] connect securely to corporate and cloud resources [] to collaborate with colleagues and customers from the office, home, or remote work locations.*" *Id*. (text written within the graphic titled "Hybrid workforce" depicting a man on his computer). mCom alleges that this graphic is sufficient to show Cisco has a multi-channel server as required by claim 13. *Id*. at 3-4. To the contrary, this document merely promotes the idea that companies can utilize telecommunications tools to establish a remote workforce. Further, this document concedes that the bank's computer systems and its employees and/or customers—not Cisco—are required to meet the limitations of claim 13.

Try as it might, mCom cannot handwave to bypass one simple fact – there is no plausible or supported allegation that Cisco, as opposed to a bank, provides one or more e-banking touchpoints that are "communicatively coupled" to a multi-channel server. This alone must result in dismissal of the system claims (*e.g.*, claim 13 and its dependents). And mCom's opposition brief does not contest that it has made no allegation regarding direction and control as necessary to plead joint infringement of the method claims. Instead, mCom argues that Cisco's (non-existent) system couples to "e-banking touchpoints," and relies upon the same marketing image that discusses the general value of communications, and not any Cisco product that facilitates, let alone exerts direction and control over, communication with "e-banking touchpoints." Dkt. 46 at 4-5. Accordingly, method claims 1-3, 5, and 7-8 must also be dismissed with prejudice. *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016); *see also De La Vega v. Microsoft Corp.*, No. 6:19-cv-00612-ADA, 2020 WL 3528411, at *4 (W.D. Tex. Feb. 11, 2020) (citing Lyda, 838 F.3d at 1339).

### 3. mCom fails to plausibly allege infringement for elements (a), (b), and (f) of claim 1.

mCom does not address with any specificity the particular limitations that Cisco points out as missing. Dkt. 45 at 13-16. What is the Cisco device that serves as the "common multi-channel server coupled to more than one e-banking touch points?" *Id.* at 13. What is the Cisco device that is capable of "receiving an actionable input from at least one e-banking touch point?" *Id.* at 14. And what is the Cisco device that is capable of "monitoring via said server an active session in real time for selection of targeted marketing content correlated to said user-defined preferences?" *Id.* at 14. For all three of these, mCom merely parrots the claim language, rather than identifying an actual Cisco product or service. For example, mCom states, without any documentary support, the following:

> The claimed plurality of e-banking touch points comprised of different types of e-banking touch point devices are in communication with one or more financial institutions through the multi-channel server, as claimed, is also disclosed by Cisco's DBS platform.

Dkt. 46 at 9. mCom adopts the same approach as to the other limitations. Such conclusory allegations are insufficient to plausibly allege infringement, and mCom's complaint should be dismissed with prejudice. *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at *7 (W.D. Tex. Jan. 3, 2022) (quoting *Bot M8 LLC v. Sony Corp.*, 4 F.4th 1342, 1355 (Fed. Cir. 2021) ); *see also Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) ("[W]e do not credit conclusory allegations or allegations that merely restate the legal elements of a claim.").

### B. THE COURT DISMISSED MCOM'S INDIRECT INFRINGEMENT CLAIMS.

mCom withdrew its indirect infringement allegations pending discovery. Rather than recognize its own withdrawal of those allegations, mCom's opposition argues that indirect infringement is sufficiently plead. mCom's counsel apparently does not recall his own representations to the Court and disregarded Cisco's motion on this issue. *See* Dkt. 45 at 20. Nevertheless, mCom's opposition still fails to explain how the elements for indirect infringement are pled.

### III. CONCLUSION

For the foregoing reasons, Cisco respectfully requests that this Court dismiss with prejudice mCom's Amended Complaint (Dkt. 43) for failure to state a claim.

Dated: November 29, 2022                Respectfully submitted,

                                        By: */s/* K. Padmanabhan
                                            K. Padmanabhan (pro hac vice)
                                            kpadmanabhan@winston.com
                                            Winston & Strawn LLP

4

200 Park Ave.
New York City, NY 10166
Telephone: (212) 294-6700
Facsimile:  (212) 294-4700

Barry Shelton
Texas Bar No. 24055029
bshelton@winston.com
Alex Wolens
Texas Bar No. 24110546
awolens@winston.com
Winston & Strawn LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

*Attorneys for Defendant,
Cisco Systems, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was forwarded to all counsel of record through the Court's CM/ECF System on November 29, 2022.

<u>/s/ K. Padmanabhan</u><br>
K. Padmanabhan