# EXHIBIT K



200 Park Avenue
New York, NY 10166
T +1 (212) 294-6700
F +1 (212) 294-4700

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

January 30, 2023

**BY EMAIL**

William Ramey, Esq.
Ramey LLP
5020 Montrose Blvd
Suite 800
Houston, Texas 77006
wramey@rameyfirm.com

      Re:    *CTD Networks, LLC v. Cisco Systems, Inc.*, 6:22-cv-01039-XR (W.D. Tex.)

Dear William:

    I write with respect to the above captioned matter, in which we serve as counsel for Cisco System, Inc. ("Cisco"). For the reasons discussed below, we request that CTD withdraw this case without any further delay. In the event that CTD declines to withdraw its case against Cisco, please be advised that Cisco will seek compensation for all fees and costs associated with defense of the case under at least 35 U.S.C. §285 and 28 U.S.C. §1927.

    First, there is no clear chain of title for two of CTD's asserted patents: U.S. Patent Nos. 11,171,974 ("the '974 patent") and 9,438,614 ("the '614 patent"). The '974 patents and '614 patents were never assigned from the named inventors, i.e., the presumptive original assignees. The first recorded assignments for both the '974 patents and '614 patents are from Fred Herz Patents, LLC and not the named inventors. Because of this broken link in the chain of title, the subsequent assignments are void. Based on this imperfect title, CTD does not have standing to bring suit on the '974 and '614 patents. *EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-CV-00206-ADA, 2021 U.S. Dist. LEXIS 259678, at *29-30 (W.D. Tex. Dec. 13, 2021).

    Second, CTD's infringement allegations fail to accuse any actual Cisco product. Instead, in an attempt to satisfy different elements of a single claim, CTD arbitrarily cites documentation from different Cisco products for the various limitations of that claim. As just one example, for claim 1 of the U.S. Patent No. 8,327,442 ("the '442 patent"), CTD cites documentation for Cisco Cloud Analytics, also known as Stealthwatch, for element (a). *See* Pl.'s Preliminary Infringement Contentions, Ex. A at 1-2. But CTD cites documentation for a different product, Cisco Secure Workload, also known as Tetration, for element (c). *Id.* at 4-5. CTD cites yet a third different product, Cisco Email Security Appliance, for element (e) (*id.* at 7), and a fourth different product, Cisco Security Intelligence Operations, for elements (h) and (i). *id.* at 9-15. CTD's infringement contentions for other claims and other asserted patents suffer from the same

William Ramey
January 30, 2023
Page 2

issue. Pl.'s Preliminary Infringement Contentions, Exs. A-D. "While under certain circumstances a plaintiff may use a single chart to chart a number of representative products, plaintiff must still, at a minimum, chart a single product against all elements. A plaintiff does not satisfy this requirement by mixing and matching between different accused products in its claim charts, as infringement cannot be shown by a muddled hash of elements from different products." *Geovector Corp. v. Samsung Elecs. Co.*, No. 16-cv-02463-WHO, 2017 U.S. Dist. LEXIS 3626, at *11 (N.D. Cal. Jan. 9, 2017) (citation and quotation marks omitted); *see also LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1325 (Fed. Cir. 2016) ("Direct infringement of an apparatus claim requires that each and every limitation set forth in a claim appear in an accused product.") (citation and internal quotation marks omitted); *Uniloc 2017 LLC v. Apple, Inc.*, No. 19-cv-01904-WHO, 2019 U.S. Dist. LEXIS 230501, at *16 (N.D. Cal. Dec. 16, 2019. Simply put, CTD's allegations fail to plausibly allege that any single Cisco product satisfies each of the elements of any asserted claim, and it is clear that CTD should never have brought this case. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

As discussed above, CTD appears to lack standing with respect to two of its asserted patents. And CTD's allegations consist of nothing more than "mixing and matching" random quotes from documentation related to wholly different and unrelated products, and thus does not constitute a plausible allegation against any Cisco product. Having now been put on notice of these shortcomings, it is unreasonable for CTD to maintain this case. If CTD continues to litigate this case, our client is entitled to, and intends to seek fees, costs, and expenses incurred in defending these claims under 35 U.S.C. § 285 and 28 U.S.C. §§ 1927, as well as any additional sanctions the Court finds warranted under Rule 11. *See Octane Fitness LLC v. Icon Health and Fitness, Inc.*, 134 S. Ct. 1749, 1751 (2014) (fees are appropriate under § 285 based on "the unreasonable manner in which the case was litigated"); 28 U.S.C. § 1927 (fees costs, and expenses are appropriate where counsel "multiplies the proceedings in any case unreasonably and vexatiously"); *Source Vagabond Sys., Ltd v. Hyrapak, Inc.*, 753 F.3d 1291, 1302 (Fed. Cir. 2014 (affirming Rule 11 sanctions where plaintiff lacked evidentiary support for its infringement claim).

Regards,

Krishnan Padmanabhan
e-mail: kpadmanabhan@winston.com
tel.: 212-294-3564

cc:
  Charles Liu, Esq.
  Saranya Raghavan, Esq.
  Nimalka Wickramasekera, Esq.
  Barry Shelton, Esq.