# EXHIBIT L



**WINSTON & STRAWN** LLP

NORTH AMERICA    SOUTH AMERICA    EUROPE    ASIA

200 Park Avenue
New York, NY 10166
T +1 (212) 294-6700
F +1 (212) 294-4700

April 19, 2023

**BY EMAIL AND U.S. MAIL**

William Ramey, Esq.
Ramey LLP
5020 Montrose Blvd
Suite 800
Houston, Texas 77006
wramey@rameyfirm.com

Re:    *CTD Networks, LLC v. Cisco Systems, Inc. 6:22-cv-01039-XR (W.D. Tex)*

Dear William,

I write with respect to the above captioned matter, in which we serve as counsel for Cisco System, Inc. ("Cisco"). During the April 10 hearing, the Court granted leave to CTD Networks, LLC ("CTD") to amend its Original Complaint on the condition that its Amended Complaint would cure deficiencies present in the Original Complaint; otherwise, the Court indicated that it would shift costs related to motions. *See* Apr. 10, 2023 Hr'g Tr. 17:20-23, 18:10-13. As explained below, the proposed Amended Complaint CTD filed on April 7 (dkt. 38-1, 38-2) still fails to state any plausible claim of infringement of the patents-in-suit.

CTD's proposed Amended Complaint, as indicated by new claim charts enclosed therein, now purports to accuse Cisco Secure Workload (formerly known as Tetration) as the infringing platform. *E.g.*, dkt. 38-2 at 72. However, these claim charts fail to plausibly allege that Cisco Secure Workload practices each limitation of any claims in the Patents-in-Suit. To the contrary, these claim charts suggest that Cisco Secure Workload does not practice many limitations of the asserted claims. Based on a preliminary review of the chart for claim 1 of each Patent-in-Suit, CTD's allegations for the following exemplary claim limitations appear facially deficient because the cited evidence, even if taken as true, would not show Cisco Secure Workload practices such claim limitations:

A. '442 Patent claim limitations 1d, 1e, and 1h (dkt. 38-2 at 73-74, 76);
   o For example, there is no indication in the cited evidence that Cisco Secure Workload determines "a pattern of usage of the associated individual computer," or determines "a probability of the likelihood of an intrusion or attack from said pattern of usage of the associated individual computer," or has agents that each "schedules the associated individual computers for different anti-viral software updates based on different levels of probability of an intrusion or attack."

William Ramey
April 19, 2023
Page 2

    B.  '614 Patent claim limitations 1e and 1f (dkt. 38-2 at 115-116).
        o  For example, there is no indication in the cited evidence that Cisco Secure
           Workload performs "a pattern analysis in the collected data to identify
           patterns in the collected data representative of suspicious activities indicative
           of an attack or threat to said computer network and to develop code analysis
           and/or activity models from the collected data representative of activities of
           said computer networks in a normal state and activities of said computer
           networks in an abnormal state based on said identified patterns" or
           "determine[s] during said pattern analysis if a probability threshold for
           detecting and classifying a threat is breached by said similar patterns of
           suspicious activities."

    C.  '470 Patent claim limitations 1g, 1h, and 1i (dkt. 38-2 at 153-154);
        o  For example, there is no indication in the cited evidence that Cisco Secure
           Workload "provides a security and validity score for free software available
           for download, the validity score comprising three components including a first
           component computed based on security of the free software itself, a second
           component computed based on experiences users have with the free software,
           and a third component based on a reputation of a programmer that created the
           free software."

    D.  '974 Patent claim limitations 1h and 1i (dkt. 38-2 at 179-180).
        o  For example, there is no indication in the cited evidence that Cisco Secure
           Workload generates "counteroffensive measures in response to a predicted
           existing threat, emerging threat, or anticipated threat to said computer network
           based on the relevance feedback" or communicates "aggregated data to other
           distributed agents on a peer-to-peer basis."

Similar deficiencies are replete throughout the new claim charts. Cisco reserves the right to
identify more deficiencies as its investigation continues.

      As discussed above, CTD has yet to make a plausible allegation against Cisco Secure
Workload. Having now been put on notice of its shortcomings, CTD must either withdraw this
case immediately or cure all deficiencies in its next Amended Complaint which is due April 21.
This is not the first time Ramey LLP has pursued implausible allegations of patent infringement
against Cisco. *See, e.g.*, *mCom IP, LLC v. Cisco Systems, Inc.*, No. 6:22-cv-00261-ADA, J.
Albright Order granting Cisco's motion to dismiss with prejudice, dkt. 49 (W.D. Tex. Dec. 13,
2022); *AK Meeting IP LLC v. Cisco Systems, Inc.*, No. 6:22-cv-00248-ADA, dkt. 39 (W.D. Tex.
Dec. 28, 2022).  Your firm's insistence on repeatedly pursuing baseless infringement claims is
certainly grounds for sanctions, and Cisco reserves the right to pursue all available remedies,
including fees, costs, and expenses incurred in defending these claims under 35 U.S.C. § 285 and
28 U.S.C. §§ 1927, as well as any additional sanctions the Court finds warranted under Rule 11 or
its inherent authority. *See Octane Fitness LLC v. Icon Health and Fitness, Inc.*, 134 S. Ct. 1749,
1751 (2014) (fees are appropriate under § 285 based on "the unreasonable manner in which the

William Ramey
April 19, 2023
Page 3

case was litigated"); 28 U.S.C. § 1927 (fees costs, and expenses are appropriate where counsel "multiplies the proceedings in any case unreasonably and vexatiously"); *Source Vagabond Sys., Ltd v. Hyrapak, Inc.*, 753 F.3d 1291, 1302 (Fed. Cir. 2014 (affirming Rule 11 sanctions where plaintiff lacked evidentiary support for its infringement claim).

Regards,

Krishnan Padmanabhan
e-mail: kpadmanabhan@winston.com
tel.: 212-294-3564


cc:
    Chad Walker, Esq.
    Charles Liu, Esq.
    Saranya Raghavan, Esq.
    Nimalka Wickramasekera, Esq.
    Barry Shelton, Esq.