# EXHIBIT O



200 Park Avenue
New York, NY 10166
T +1 (212) 294-6700
F +1 (212) 294-4700

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

June 14, 2023

**BY EMAIL AND U.S. MAIL**

William Ramey, Esq.
Ramey LLP
5020 Montrose Blvd
Suite 800
Houston, Texas 77006
wramey@rameyfirm.com

        **Re:**    *Front Row Technologies, LLC v. Cisco Systems, Inc.*, 6:23-cv-00035-AM (W.D. Tex.)

Dear Bill:

I write with respect to the above captioned matter, in which we serve as counsel for Cisco Systems, Inc. ("Cisco"). As you know, Cisco's Rule 12(c) Motion for Judgment on the Pleadings under 35 U.S.C. § 101 (Dkt. 13) is currently pending with the court, and is based in part on the invalidation of parallel claims to those at issue in this case by the District of New Mexico and affirmed by the Federal Circuit. We write to inform you that in addition to being ineligible under § 101, the asserted claims of U.S. Patent No. 8,750,784 ("the '784 patent") are also invalid under at least 35 U.S.C. § 102. We provide the enclosed claim chart (as Exhibit A) clearly detailing anticipation of claim 1 of the '784 patent under § 102 by the prior art we have identified therein. In view of the clear grounds for anticipation, in addition to the already briefed grounds for ineligibility, we do not believe that Front Row can continue to pursue this case in good faith. Therefore, we request that Front Row drop this lawsuit in its entirety immediately.

In the event that Front Row declines to drop its current assertion of the '784 patent against Cisco, Cisco reserves its rights to seek compensation for all fees and costs associated with defense of the case under 35 U.S.C. § 285 and 28 U.S.C. § 1927.

We look forward to hearing from you.

William Ramey
June 14, 2023
Page 2

                                              Regards,

                                              Krishnan Padmanabhan
                                              e-mail: kpadmanabhan@winston.com
                                              tel.: 212-294-3564

cc:        Counsel of record

**EXHIBIT A**

**Invalidity Claim Chart for U.S. Patent No. 8,750,784 (the "'784 Patent") in view of U.S. Patent No. 6,414,635 to Stewart et al ("Stewart")**

Stewart was filed October 23, 2000 and is prior art to U.S. Patent No. 8,750,784 (the "'784 Patent") at least under pre-AIA 35 U.S.C. § 102(e).

As described in the following claim chart, representative Asserted Claim 1 of the '784 Patent is invalid as anticipated over Stewart.

The citations to portions of any reference in this chart are exemplary only.

This chart is subject to all reservations, objections, and disclaimers in Defendant's Invalidity Contentions and any amendment, supplement, or modification thereof, which are incorporated herein by reference in their entirety. Defendant's disclosures do not represent agreement or view as to the meaning, definiteness, written-description support for, or enablement of any claim contained therein.

| Asserted Claims of U.S. Patent No. 8,750,784 | Exemplary Citations to Stewart |
|---|---|
| | **CLAIM 1** |
| **[1PRE]** A method for authorizing access by at least one user of at least one service associated with a venue and provided via a wireless network based on a determined location of at least one computing device in the form of a wireless hand held device used by said at least one user, said method comprising: | To the extent the preamble is limiting, Stewart discloses:<br><br>***"A method for authorizing access by at least one user of at least one service . . ."***<br><br>For example:<br><br>[Flowchart Fig. 3: Start → Connect to Network or AP 202 → Transmit ID info to Network or AP 204 → AP Determines approximate location of PCD 205 → AP Transmit Known Geographic Location to Network 206 → Examine ID 208 → Known ID? 212 → No → Processing for Incorrect ID 222; Yes → Optimally obtain demographic information of user 235 → Allow Access to Network 236 → Provide Network services to user 238 → Done] Fig. 3 |

| | Stewart, Fig. 3.<br><br>"FIG. 3 is a flowchart diagram illustrating one embodiment of operation of allowing access to a network and determining an approximate (or precise) location of PCD 110." Stewart, 10:22-24.<br><br>"In one embodiment, the PCD 110 may include <u>a digital certificate</u> stored in the memory of the PCD. <u>The digital certificate may store information needed for user authentication and security on the network</u>. The digital certificate may also store various information, such as demographic or sponsorship information of the user." Stewart, 10:27-32.<br><br>"In step 236, the method allows the personal computing. device of the user access to the network. Once the user gains access to the network, various service providers may provide services (Step 238) or information based on the above information, e.g., based on one or more of known geographic location information sponsorship information, demographic information, or charging information." Stewart, 13:14-20.<br><br>***"at least one user"*** is "a user of the PCD" in Stewart<br><br>***"of at least one service"*** – is "geographic-based services" in Stewart<br><br>Stewart further discloses:<br><br>***". . . associated with a venue and provided via a wireless network. . ."***<br><br>"<u>The geographic-based communications service system includes a network and a plurality of access points connected to the network. The access points may be arranged at known locations in a geographic region</u>. One or more service providers or information providers may be connected to the network <u>to provide services or information on the network</u>." Stewart, 2:53-59. |

| | |
|---|---|
| | Stewart further discloses:<br><br>"*. . . **based on a determined location of at least one computing device in the form of a wireless hand held device used by said at least one user**. . .*"<br><br>"Geographic-based services may be provided to a user of the PCD based on the information regarding the geographic location of the PCD. For example, where the user of the PCD is determined to be physically located proximate to a first vendor, then advertising information corresponding to the first vendor may be provided to the PCD." Stewart, 4:59-64.<br><br>"In one embodiment, the access point 120 may provide information regarding the geographic location of the PCD to a service provider, and the service provider may then provide geographic-based services to a user of the PCD based on this information." Stewart, 12:49-53. |
| [**1.1**] determining, via a wireless signal obtained from at least one VPS device associated with a venue positioning system deployed within a venue, a location of at least one user based on location information obtained from said at least one VPS device about the location within the venue of said at least one computing device utilized by said at least one user wherein the at least one VPS device uses a triangulation method to determine the location of the wireless hand held device within the venue; and | Stewart discloses:<br><br>"*determining . . . a location of at least one user based on location information . . .*" |



Stewart, Fig. 14A

"FIG. 14A is a flowchart illustrating the operation of one embodiment of an access point configured to <u>determine the location of an MU based on a bearing</u>

| | |
|---|---|
| | determination and a signal strength measurement;" Stewart, 6:27-30.<br><br>"In one embodiment, the APs 120 may be arranged at known geographic locations and <u>may provide geographic location information regarding the geographic location of the mobile user (MU) or the PCD 110</u>." Stewart, 7:28-32.<br><br>"In one embodiment, an access point may communicate with the PCD in a wireless manner in a first geographic area of the access point, wherein the first geographic area is the range of the access point, and the access point may determine a geographic location of the PCD in a second smaller geographic area within the first geographic area. In other words, <u>the access point may determine the geographic location of the PCD</u> with more granularity than the range of the access point." Stewart, 3:24-32.<br><br>"In one embodiment, the location circuitry may perform signal strength measurements of signals transmitted to the access point by the PCD. <u>The received signal strength may then be compared to the transmitted signal strength, allowing for a determination of the approximate distance between the access point and the PCD. This approximate distance may be used to determine an approximate region in which the user may be located</u>, e.g., a concentric ring region centered around the access point." Stewart, 3:39-47.<br><br>"The location circuitry may instead or also allow an access point to determine the bearing of an incoming signal (i.e. the direction from which. the transmitted signal originated). <u>An approximate location of a PCD may then be determined by using the bearing information, or by combining the bearing and distance information</u>." Stewart, 3:48-53.<br><br>"***a location of at least one user***" is a "location of a MU" or a "location of a PCD" in Stewart.<br><br>"***location information***" is "bearing information," "distance information," "signal strength measurements" in Stewart. |

| | |
|---|---|
| | Stewart further discloses:<br><br>"*. . . via a wireless signal obtained from at least one VPS device associated with a venue positioning system. . .*"<br><br>"In one embodiment, an access point may communicate with the PCD in a wireless manner in a first geographic area of the access point, wherein the first geographic area is the range of the access point, and the access point may determine a geographic location of the PCD in a second smaller geographic area within the first geographic area. In other words, the access point may determine the geographic location of the PCD with more granularity than the range of the access point." Stewart, 3:24-32.<br><br>"The method begins when a mobile user carries a PCD 10 into a geographic region near an access point (AP) and establishes a wireless connection with the AP (Step 2002)." Stewart, 30:27-30.<br><br>"The method begins when a mobile user carries a PCD 110 into a geographic region covered by an AP (Step 2002). The PCD 110 may establish a wireless connection to the AP in a manner similar to that of the method in FIG. 14A. After a connection has been established, the AP and the PCD may then synchronize clocks (Step 2020), which may be performed to ensure that signal travel time may be accurately determined. Following the synchronization of clocks, the AP 120 may then transmit a first data packet to the PCD 110 (Step 2022)." Stewart, 31:4-13.<br><br>"The geographic-based communications service system includes a network and a plurality of access points connected to the network. The access points may be arranged at known locations in a geographic region. One or more service providers or information providers may be connected to the network to provide services or information on the network." Stewart, 2:53-59.<br><br>Stewart further discloses: |

| | |
|---|---|
| | **"... deployed within a venue..."** <br><br> "The geographic information provided to a PCD may include graphical information to illustrate to its user the approximate location of a PCD <u>within a mall, airport, or other facility. In some embodiments, geographic information may be presented to a PCD as a floor plan of a mall, airport, or other facility, or as a map of a city or region.</u>" Stewart, 4:53-58. <br><br> **"a wireless signal"** – is a "first data packet transmitted via a wireless connection" in Stewart <br><br> **"at least one VPS device"** – is an access point in Stewart <br><br> **a venue positioning system** – is a geographic-based communications service system in Stewart <br><br> **a venue** – is a geographic region (e.g., mall, airport, or other facility) in Stewart <br><br> Stewart further discloses: <br><br> **"... obtained from said at least one VPS device about the location..."** <br><br> "<u>Distance from an access point may also be determined</u> via the use of data packets including time stamps. When a mobile user carrying a PCD enters a geographic region for a given access point, it's presence may be detected by the access point. After synchronizing clocks with the PCD, <u>the access point may then transmit a first data packet which includes a time stamp</u>. After receiving the data packet, the PCD may respond by transmitting a second data packet back to the access point. The second data packet may include the original time stamp, and may also include a second timestamp indicating the time at which the first data packet was received. <u>The access point may then calculate the distance to the PCD based on the round trip time of the signal</u>, or based on the one-way transit time of the signal." Stewart, 3:62-67 –4:1-8; |

| | |
|---|---|
| | Stewart further discloses: <br><br> ***". . . within the venue. . ."*** <br><br> "The <u>geographic information provided to a PCD</u> may include graphical information to illustrate to its user the approximate location of a PCD <u>within a mall, airport, or other facility. In some embodiments, geographic information may be presented to a PCD as a floor plan of a mall, airport, or other facility, or as a map of a city or region</u>." Stewart, 4:53-58; <br><br> Stewart further discloses: <br><br> ***". . .of said at least one computing device utilized by said at least one user. . ."*** <br><br> "In the preferred embodiment, one or more access points may include location circuitry. The location circuitry may be configured to perform one of various methods used to <u>determine the geographic location of PCDs of users. Each access point having the location circuitry may thus be operable to detect the location of a user, (i.e., the PCD of a user)</u>. . . ." Stewart, 3:16-22; <br><br> Stewart further discloses: <br><br> ***". . .wherein the at least one VPS device uses a triangulation method to determine the location of the wireless hand held device within the venue. . ."*** |



Stewart, Fig. 15A.

"Fig. 15A us a diagram illustrating <u>the use of two access points of one embodiment to determine the location of an MU using triangulation techniques</u>;" Stewart, 6:36-38.



Stewart, Fig. 15B.

"FIG. 15B is a flowchart illustrating the operation of two access points of one embodiment to determine the location of an MU using triangulation techniques."

|  | Stewart, 6:39-41.<br><br>"In some embodiments, <u>multiple AP's may work in conjunction to determine an approximate location of the PCD using triangulation techniques</u>. This may involve determining both bearing and distance information to determine the second region, as shown in FIG. 13A." Stewart, 11:55-59.<br><br>"The method may begin <u>when a mobile user carries a PCD into a geographic region covered by multiple AP's (Step 2050)</u>, such as that shown in FIG. 15A. The PCD may then establish a wireless connection with both AP's. AP1 and AP2 may then each independently determine the distance to the PCD (Steps 2052 and 2054). The method used to determine the distance to the PCD by each AP may involve either signal strength measurements or signal travel time calculations, as explained above with reference to FIGS. 14A and 14B. The distance determinations may be used <u>to perform standard triangulation techniques</u>. More specifically, the distance determinations may yield two sides of a triangle, with the third side of the triangle being the distance between the two AP's. With the three sides of the triangle determined, either of the (or both) AP's may determine the angles of the triangle (Step 2056). In one embodiment, an AP may use the law of cosines to make an initial angle determination, and then solve for the other two angles of the triangle. Determination of each angle in the triangle may yield bearing information, and thus precise location information. With the precise location determined, one or both AP's may transmit the precise location information to the network and the PCD (Step 2058)." Stewart, 32:13-34.<br><br>(for example, see claim 90 for triangulation techniques used by at least one access point in a shopping mall-based communications services system)<br><br>"<u>**at least one VPS device**</u>" – is "at least one access point" in Stewart.<br><br>"<u>**a triangulation method**</u>" – is a "triangulation technique" in Stewart.<br><br>"<u>**a wireless hand held device**</u>" – is a "PCD" in Stewart<br>"<u>**a venue**</u>" – is a "geographic region (e.g., a shopping mall)" in Stewart |

| | |
|---|---|
| [**1.2**] allowing said at least one computing device to receive said at least one service from a server over a wireless network based on said location information provided from said at least one VPS device for said at least one computing device. | Stewart discloses:<br><br>"***allowing said at least one computing device to receive said at least one service . . .***"<br><br>"In step 236, the method <u>allows the personal computing device of the user access to the network. Once the user gains access to the network, various service providers may provide services (Step 238) or information based on the above information, e.g., based on one or more of known geographic location information</u> sponsorship information, demographic information, or charging information. Examples include targeted advertising and promotions for goods or services, various types of information such as directions to desired locations, games, etc." Stewart, 13:14-23;<br><br>Stewart further discloses:<br><br>"***. . .from a server over a wireless network. . .***"<br><br>"Thus, geographic-based services may be provided to a user of the PCD 110 based on the information regarding the geographic location of the PCD. For example, where the user of the PCD 110 is physically located proximate to a first vendor ( e.g., in or close to a certain store), and this proximity is determined, such as by the access point 120, then advertising information corresponding to the first vendor may be provided to the PCD 110. The information provided to the PCD 110 <u>may originate from a service provider</u> or from the access point itself. The information provided to the PCD 110 may be any of various types, such as advertising of the first vendor, e.g., promotions or offers." Stewart, 13:24-35.<br><br>"The AP 120 may be coupled to a service provider 140 and a management information base (MIB) 150 through a centralized network 130. The network 130 may comprise a wired network, a wireless network or a combination of wired and wireless networks." Stewart, 7:47-52.<br><br>"The <u>service provider 140 and MIBs 150 each may comprise a computer system coupled to the network 130. The network 130 may comprise one or more wired or |

wireless local area networks and/or one or more wide area networks (e.g., the Internet). <u>Each service provider 140 may include one or more computers or computer systems configured to provide goods, information, and/or services as appropriate for the service provider</u>. One or more service providers 140 may be coupled to network 130. <u>The one or more service providers 140 may also connect to network 130 in a wireless fashion</u>. The one or more MIBs 150 may be comprised in one or more service providers 140." Stewart, 7:53-64;

Stewart further discloses:

***". . .based on said location information provided from said at least one VPS device for said at least one computing device."***

"Thus, <u>geographic-based services may be provided to a user of the PCD 110 based on the information regarding the geographic location of the PCD</u>. For example, where the user of the PCD 110 is physically located proximate to a first. vendor ( e.g., in or close to a certain store), <u>and this proximity is determined, such as by the access point 120, then advertising information corresponding to the first vendor may be provided to the PCD 110</u>. The information provided to the PCD 110 may originate from a service provider or from the access point itself. The information provided to the PCD 110 may be any of various types, such as advertising of the first vendor, e.g., promotions or offers." Stewart, 13:24-35;

"<u>This determined geographic location of a PCD 110</u> may be useful for service providers 140 (e.g., retail businesses) within the geographic proximity of the access point 120 in order to send/receive information, such as advertising, or provide a service, to/from the MU's PCD 110, <u>wherein the information may be selected and transmitted, or the service provided, based on the known geographic location of the MU</u>." Stewart, 15:18-25.

"Since the geographic location of the PCD 110 may be determined fairly precisely, service providers 140 are able to provide only the information that is pertinent to the

|  | MU based on the PCD's geographic location and may track the MU's last reported location. For example, since updated information may be sent to the PCD 110 based on the location of the PCD 110, information that is pertinent only to the fact that the MU is, for example, in the hotel lobby need be sent back to the PCD 110 via the communication path between the access point 120 and the PCD 110." Stewart, 16:38-47.<br><br>*"at least one computing device"* – is a "PCD" in Stewart<br><br>*at least one service* – is "information and/or service" in Stewart<br><br>*a server* – is a "service provider" in Stewart<br><br>*a wireless network* – is a "wireless network" in Stewart<br><br>*location information* – is a "geographic location, information used to determine the geographic location" in Stewart<br><br>*at least one VPS device* – is a "at least one access point" in Stewart |
|---|---|